# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Hubeisi Guangyuan Kejiyou Xiangongsi d/b/a AnningAn,**<br><br>Plaintiff,<br><br>v.<br><br>**Beauty Union Global Limited,**<br><br>Defendant. | **Case No. 1:24-cv-11127**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hubeisi Guangyuan Kejiyou Xiangongsi d/b/a AnningAn ("Plaintiff" or "AnningAn") brings this complaint against Beauty Union Global Limited ("Defendant" or "Beauty Global"), a Hong Kong company, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

2. Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement. Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed a complaint under the Amazon Patent Evaluation Express Procedure ("APEX") against Plaintiff, alleging that Plaintiff's mini portable travel perfume bottle ("Accused Product") infringes U.S. Patent No. 8,079,388 ("the '388 Patent") (attached as Exhibit A). Plaintiff received notice regarding this APEX complaint on October 16, 2024. Under the APEX program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot either resolve

1

the claim with the patent owner (*i.e.*, Beauty Union) or fails to participate in the APEX, on or before November 6, 2024. The parties are unable to reach a compromise. Also, Plaintiff does not want to participate Amazon's APEX program because, for example, Amazon's APEX program does not consider issues of patent invalidity; it only considers infringement questions.

3. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Accused Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

5. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant patent, and that the Defendant patents are invalid and/or unenforceable.

## THE PARTIES

6. Plaintiff, Hubeisi Guangyuan Kejiyou Xiangongsi d/b/a AnningAn is a private Chinese company.

7. Upon information and belief, Defendant is a Hong Kong company, with its registered office address and principal place of business being Flat 1, 21F Cheung Tat Centre 18 Cheung Lee Street Chai Wan Hong Kong.

8. Upon information and belief, and based on contentions by Defendant in its APEX complaint filed with Amazon, Defendant claims to own the '388 Patent by assignment.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '388 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '388 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

11. On or around October 16, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a

3

significant portion of Plaintiff's business.

12. Unless a declaratory judgment complaint is filed on or before November 6, 2024, the Amazon marketplace intends to remove Plaintiff's Accused Products consisting at least ASINs: B09195K34L, B08MF4G5NP, B09PY6KFQL, B0B4CNM236, B0998PH54W, B0B7W55H27, and B0B14TY382 under the pretext that the ASINs may infringe the '388 Patent because APEX complaint filed against Plaintiff's Accused Products.

13. By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois *vis-a-vis* Plaintiff's goods.

14. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

## FACTUAL BACKGROUND

15. On December 20, 2011, the United States Patent and Trademark Office issued the '388 Patent.

16. Defendant purports to own the right, title, and interest in the '388 Patent by assignment, including the right to license, sell, and enforce the '388 Patent.

17. On or around October 16, 2024, Defendant reported Plaintiff to Amazon.com to

initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

18. That same date, in response to Defendant's Amazon Complaint, the Amazon marketplace notified Plaintiff that its Accused Products would be removed under the pretext that the ASIN-in-question may infringe the '388 Patent if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

19. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

20. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Accused Products do not infringe the '388 Patent because none of the Accused Products possess all the elements and limitations of any claim of the '388 Patent. For example, claim 1 of the '388 Patent requires "a refill mechanism comprising a check valve adapted to receive the stem of the bottle so that when the stem is pushed through the check valve, the check valve is open to and receives the non-compressible liquid through the refill mechanism from the spraying means of the bottle and when the stem is withdrawn from the check valve, the check valve is closed to prevent leakage of the non-compressible liquid. For example only, the Accused Products lack a check valve as claimed in the '388 Patent because the Accused Product utilizes sealing o-rings to prevent it from leakage (see below). Accordingly, each claim of the '388 Patent requires, at least, one element or limitation missing from the Accused Products which, thus, do not infringe the '388 Patent.



## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. PATENT NO. 8,079,388)

21. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

22. Defendant has contended that Plaintiff's Accused Products infringe at least one claim of the '388 Patent.

6

23. Plaintiff does not infringe any valid and enforceable claim of the '388 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Accused Products.

24. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '388 patent.

25. By example, without limitation, Plaintiff alone does not perform all the steps recited in the claims of the '388 patent as is required for direct infringement.

26. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '388 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Accused Products.

27. Defendant's allegations of infringement of the '388 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '388 PATENT

28. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

29. Defendant has contended that at least one claim of the '388 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

30. The claims of the '388 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double

patenting.

31. The claims of the '388 Patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '388 Patent as well as other prior art not considered by the Patent Office before allowing the claims of the '388 Patent.

32. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '388 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '388 Patent is not infringed by Plaintiff.

2. Declaratory judgment that all of claims of the '388 Patent are invalid.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

   B. Requiring that Defendant provide written notice of the injunction to Amazon.com.

4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: October 25, 2024

Respectfully submitted,

/s/Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, Hubeisi Guangyuan Kejiyou Xiangoingsi d/b/a AnningAn*